UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CRIMINAL NO. 3:01CR123(AHN) |
| | : | |
| HENRY REARDON | : | June 3, 2008 |

**GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On October 16, 2001, the defendant, Henry Reardon, was sentenced to 168 months' incarceration for conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and to a concurrent term of 120 months' incarceration for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The defendant is currently projected to be released from incarceration on December 30, 2013.

The defendant has sought a reduction in his sentence to 135 months' incarceration based upon the changes to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007. For the reasons that follow, the defendant appears to qualify for a reduction, and the government has no objection to the defendant's request. Accordingly, the government submits that the Court should issue an amended judgment and impose a reduced sentence of 135 months' incarceration, which accounts for the two-level reduction in the crack cocaine guidelines.[1]

**I. BACKGROUND**

On June 6, 2001, a federal grand jury in Bridgeport returned a multi-count indictment

---

[1] The defendant's progress report reflects that he has had three incident reports while incarcerated, including infractions for Smoking in an Authorized Area, Possessing Drugs/Drug Items, Refusing to Obey an Order, and Lying or Falsifying Statement. The defendant has no reported infractions since March 2005.

charging the defendant with narcotics and firearm violations. More specifically, the defendant was charged in Count One with conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; in Count Two with possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and in Count Three with possession of a firearm after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The defendant pleaded guilty to Counts One and Three on July 13, 2001; the government dismissed Count Two.

Based on U.S.S.G. § 2D1.1(c)(3), the Presentence Report ("PSR") calculated a base offense level of 34 for the underlying drug offense that involved between 150 grams and 500 grams of cocaine base, as stipulated to in the plea agreement. PSR ¶¶ 4, 22. Pursuant to U.S.S.G. § 2D1.1(b)(1), the PSR added a 2-level enhancement because the defendant possessed a firearm at the time of his arrest. PSR ¶¶ 4, 23. In addition, under U.S.S.G. § 3E1.1, the defendant received a 3-level reduction for acceptance of responsibility. PSR ¶ 28. With respect to criminal history, the PSR calculated the defendant as a Criminal History Category ("CHC") III. PSR ¶ 38. Accordingly, based on a total offense level of 33 and a CHC III, the defendant faced a Guideline range of 168-210 months' incarceration. PSR ¶ 76.

On October 16, 2001, the defendant was sentenced to a Guideline sentence of 168 months' incarceration for conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and for a concurrent term of 120 months' incarceration for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

## II.  DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory-minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory-minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory-minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; similarly, a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the two-level reduction results in an adjusted offense level of 31 and a Guideline incarceration range of 135-168 months. At sentencing, the Court imposed a term of incarceration of 168 months, which was the low end of the Guideline range applicable at the time. It would appear that applying the new guideline range under the November 1, 2007, amendment, the defendant's requested sentence of 135 months' incarceration, which is at the low end of the new Guideline range, would also be appropriate.

The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal that have addressed this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United

4

States, 241 Fed. App'x 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-49 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[3] See, e.g., United States v. Stevenson, 2008 WL 1840758 (S.D. Ohio Apr. 22, 2008) (court in its discretion denies reduction despite eligibility under amendment, based on two disciplinary infractions in prison, and lengthy criminal record); United States v. Melton, 2008 WL 1787045 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); United States v. Craig, 2008 WL 1775263 (W.D.N.C. Apr. 15, 2008) (denial

---

[3] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

based on the facts of the case).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must

6

consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[4] Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method. The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence. See id.

a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n.3).[5] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

---

[5] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

### III.  CONCLUSION

Pursuant to 18 U.S.C. § 3582(c), the Court should exercise its discretion to lower the defendant's sentence from 168 months' incarceration to 135 months' incarceration pursuant to the November 1, 2007, amendment.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. ct24432
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604
(203) 696-3000
(203) 579-5550 (fax)

ERIKA DETJEN
STUDENT LAW INTERN

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of June, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

    Henry Reardon
    Prisoner No. 14232-014
    FCI Schuylkill
    P.O. Box 759
    Minersville, PA 17954

    Thomas G. Dennis
    Federal Defender
    10 Columbus Blvd., Fl 6
    Hartford, CT 06106

    I further certify that on this 3rd day of June, 2008, I caused a copy of the foregoing Notice to be sent via facsimile to the following:

    U.S.P.O. Megan N. Chester
    United States Probation Office
    157 Church St., 22nd Floor
    New Haven, CT 06510

    HAROLD H. CHEN
    ASSISTANT UNITED STATES ATTORNEY